PÉREZ, PLAINTIFF AND APPELLEE, *v.* FRENCH CABLE COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action for Damages.

No. 2819.—Decided April 23, 1923.

DAMAGES—NEGLIGENCE—DISCRETION OF COURT.—In this case after judgment had been rendered the defendant, relying on section 140 of the Code of Civil

Procedure, moved for leave to introduce its evidence, alleging that it was not present at the trial because the clerk did not give it notice of the settings as is customary and because it was waiting for the counter-complaint to be answered in order to move for the inclusion of the case in the calendar. *Held:* That such facts do not excuse the defendant's neglect so as to justify the conclusion that the court abused its discretion in overruling the motion.

Id.—Id.—Evidence.—The evidence having been analized, it was concluded that it was sufficient to support a judgment for $500 damages

The facts are stated in the opinion.

*Mr. J. R. Quiñones* for the appellant.

*Mr. M. Tous Soto* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In March of 1920 Juan Pérez brought an action against the French Cable Company to recover $313.45 for certain beef and pork delivered by the plaintiff to a steamship of the defendant, and $500 damages.

The defendant admitted the delivery of the meat, but denied that it was in good condition. It also denied the damages and filed a counter-complaint for $3,500 damages on the ground that because of the disagreement which arose about the said meat its steamer's sailing was delayed and caused the company damages to that extent.

The case was set for trial on September 27, 1921. It was called on that day and only the plaintiff appeared. The case was tried and submitted to the district court for judgment.

On October 3, 1921, the defendant filed a motion which, in so far as pertinent, reads as follows:

"That on September 27, 1921, the above-entitled case was tried in the District Court of San Juan without the appearance of the defendant.

"That the defendant did not appear at the trial because it had no notice of the setting of the case.

"The defendant alleges as an excuse for its negligence that it was not notified of the settings for that month, although that had been done customarily by the clerk of the court.

"The defendant further alleges that as the plaintiff had not

answered the counter-complaint, the defendant was waiting for the said answer in order to include this case in the calendar.

"The defendant further alleges that it has a good and valid defense on the merits, for which it prays the court for an opportunity to present its evidence, relying on section 140 of the Code of Civil Procedure and in the interest of justice."

On November 18, 1921, the court overruled the defendant's motion "because it was not in proper form and showed no excuse for the negligence." Then the court rendered judgment sustaining the complaint.

The defendant appealed and in its brief assigns only the following errors: 1, In adjudging the defendant to pay $500 as damages without sufficient evidence. · 2, In not giving the defendant an opportunity to present its evidence, thus violating section 140 of the Code of Civil Procedure.

With regard to the second assignment it is sufficient to say that the defendant's motion is not verified and that even admitting the truth of its allegations, it does not follow that they so validly and evidently excuse the defendant's acknowledged negligence as to warrant the conclusion that in refusing to consider them the district court abused its discretion. And only in case of an actual abuse of discretion could this court reverse the judgment of which the appellant complains.

. Nor is the other assignment meritorious. It seems that the defendant admits that the judgment is correct as regards the claim of $313.45 for· the meat, for it merely attacks the allowance for damages. The evidence shows that the meat was delivered in good condition and also that the plaintiff is engaged in the business of slaughtering animals and selling the meat without capital of his· own. In this particular case the slaughtered animals belonged to other persons to whom the plaintiff had to pay the price of them as soon as the meat was sold for cash. When the defendant's steamship refused to accept and pay for the

meat the plaintiff was compelled to take experts on board of the ship to examine the meat. He had to pay the chemist $40. Not knowing what to do, the plaintiff had to engage the services of a counsellor and he did engage attorney Trujillo. His claims were rejected. He lost credit with the owners of the animals. He had to abandon everything else for some time and in order to stock again his shop he had to go "here and there," as he graphically said at the trial, and lost "over $500 or $600." This being the evidence, it can not be held to be insufficient to support a judgment for damages in the sum of $500.

It seems well to observe that the defendant-appellant did not appear at the hearing on the appeal and only filed the brief which we have discussed.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.